UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**U.S. ELECTRONICS, INC.,**             )
                                        )
    **Plaintiff,**                        )
                                        )
    v.                                  )   Civil Action No. 08-0835 (RBW)
                                        )
**FEDERAL COMMUNICATIONS**              )
**COMMISSION,**                         )
                                        )
    **Defendant.**                       )
_____)

## ANSWER TO COMPLAINT

Defendant Federal Communications Commission ("FCC" or "Commission" or "Defendant") answers the Complaint of plaintiff U.S. Electronics ("USE") as follows:

### Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted because Defendant has not unlawfully withheld any records within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*.

### Answer

Without waiving any defenses and/or objections, and in response to the numbered paragraphs in USE's Complaint, Defendant answers the Complaint as follows:

    1.    This paragraph contains USE's characterization of this action to which no response is required.

    2.    This paragraph contains conclusions of law to which no response is required.

1

      3.      This paragraph contains conclusions of law to which no response is required.

      4.      Defendant admits the allegations contained in this paragraph upon information and belief.

      5.      Defendant admits the allegations contained in this paragraph.

      6.      Defendant admits the allegations contained in this paragraph.

      7.      Defendant admits the allegations contained in this paragraph.

      8.      Defendant admits the allegations contained in this paragraph.

      9.      This paragraph contains USE's characterizations of XM Satellite Radio Holdings Inc.'s ("XM") and Sirius Satellite Radio Inc.'s ("Sirius") Satellite Digital Radio Service ("SDARS") licenses to which no response is required. XM's and Sirius' SDARS licenses speak for themselves.

      10.      This paragraph contains USE's characterizations of XM's and Sirius' SDARS licenses to which no response is required. XM's and Sirius' SDARS licenses speak for themselves.

      11.      Defendant lacks information sufficient to admit or deny the allegations contained in this paragraph. Defendant avers that upon information and belief, XM and Sirius entered into a Joint Development Agreement on February 16, 2000; that Agreement, if any, speaks for itself.

      12.      Defendant lacks information sufficient to admit or deny the allegations contained in this paragraph. The February 16, 2000 Joint Development Agreement between XM and Sirius, if any, speaks for itself.

13. Defendant admits that XM and Sirius submitted a letter to the Commission on or about October 6, 2000. The remainder of this paragraph contains USE's characterizations of that letter to which no response is required. The October 6, 2000 letter speaks for itself.

14. This paragraph contains USE's characterizations of an "SEC S-4 filing" by Sirius with the Securities and Exchange Commission to which no response is required. That SEC S-4 filing, if any, speaks for itself.

15. Defendant lacks information sufficient to admit or deny the allegations contained in this paragraph.

16. Defendant admits that on or about January 28, 2005 Thomas S. Tcyz transmitted a letter to XM and Sirius. The remainder of this paragraph contains USE's characterizations of that letter to which no response is required. The January 28, 2005 letter speaks for itself.

17. This paragraph contains USE's characterizations of Mr. Tcyz's January 28, 2005 letter to XM and Sirius and the FCC Enforcement Bureau's March 21, 2008 FOIA decisions to which no response is required. The January 28, 2005 letter and the referenced FOIA decisions speak for themselves.

18. Defendant lacks information sufficient to admit or deny the allegations contained in this paragraph.

19. Defendant lacks information sufficient to admit or deny the allegations contained in this paragraph.

20. Defendant lacks information sufficient to admit or deny the allegations contained in this paragraph.

21. Defendant admits the allegations contained in this paragraph.

22. Defendant admits that on or about March 20, 2007 XM and Sirius submitted applications to the FCC. The remainder of this paragraph contains USE's characterizations of those applications to which no response is required. The applications speak for themselves.

23. Defendant admits the allegations contained in this paragraph.

24. This paragraph contains USE's characterizations of Section 310(d) of the Communications Act of 1934 to which no response is required. That Section speaks for itself.

25. This paragraph contains USE's characterizations of Section 310(d) of the Communications Act of 1934 to which no response is required. That Section speaks for itself.

26. This paragraph contains USE's characterization of its Complaint to which no response is required.

27. This paragraph contains USE's characterizations of its January 25, 2008 FOIA request, FOIA Control No. 2008-190, to which no response is required. USE's FOIA request speaks for itself.

28. This paragraph contains USE's characterizations of its January 25, 2008 FOIA request, FOIA Control No. 2008-190, to which no response is required. USE's FOIA request speaks for itself.

29. Defendant lacks information sufficient to admit or deny the allegations contained in this paragraph; USE's January 25, 2008 FOIA request speaks for itself.

30. Defendant lacks information sufficient to form a belief regarding what USE believes may be "squarely in the Commission's decisional path on the merger," but admits that outside parties have submitted proposed conditions concerning the proposed merger between XM and Sirius.

31. This paragraph does not contain factual allegations, and thus no response is required. Defendant lacks information sufficient to form a belief regarding what USE believes may be required for the Commission to "discharge its duty to ascertain whether the merger is in the public interest."

32. Defendant admits that USE filed a FOIA request on January 25, 2008 and avers that the FOIA request was assigned FOIA Control No. 2008-190.

33. Defendant admits that USE requested expedited treatment of its January 25, 2008 FOIA request; that request for expedited treatment speaks for itself.

34. This paragraph purports to contain quotations from USE's January 25, 2008 FOIA request, not allegations of fact, and thus no response is required. USE's FOIA request speaks for itself.

35. Defendant admits the allegations contained in this paragraph.

36. Defendant admits that its Enforcement Bureau ("EB") issued a determination on February 4, 2008 denying USE's request for expedited treatment of its January 25, 2008 FOIA request. The remainder of this paragraph contains USE's characterizations of EB's determination to which no response is required. EB's determination speaks for itself.

37. This paragraph contains USE's characterizations of EB's February 4, 2008 determination to which no response is required. EB's February 4, 2008 determination speaks for itself.

38. This paragraph contains USE's characterizations of EB's February 4, 2008 determination to which no response is required. EB's February 4, 2008 determination speaks for itself.

39. This paragraph contains USE's characterizations of EB's February 4, 2008 determination to which no response is required. EB's February 4, 2008 determination speaks for itself.

40. This paragraph contains USE's characterizations of EB's February 4, 2008 determination to which no response is required. EB's February 4, 2008 determination speaks for itself.

41. Defendant admits that on February 25, 2008, its EB sought a ten business day extension to respond to USE's January 25, 2008 request.

42. Defendant admits that on March 6, 2008, its EB sought a ten business day extension to respond to USE's January 25, 2008 request.

43. Defendant admits the allegations contained in this paragraph.

44. Defendant admits that on February 14, 2008, its EB provided XM and Sirius with the opportunity to supplement their requests for confidential treatment that were made in response to a 2007 FOIA request from the National Association of Broadcasters ("NAB").

45. Defendant admits the allegations contained in this paragraph.

46. Defendant admits the allegations contained in this paragraph.

47. Defendant admits the allegations contained in this paragraph.

48. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

49. Defendant admits that on March 31, 2008, USE filed an Application for Review ("AFR") of EB's March 21, 2008 FOIA decisions.

50. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

51. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

52. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

53. This paragraph contains USE's characterizations of an "SEC 10-K filing made by Sirius on March 28, 2003" to which no response is required. The "SEC 10-K filing made by Sirius on March 28, 2003," if any, speaks for itself.

54. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

55. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

56. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

57. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves

58. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

59. This paragraph contains USE's characterizations of its March 31, 2008 AFR to which no response is required. USE's March 31, 2008 AFR speaks for itself.

60. This paragraph contains USE's characterizations of EB's March 21, 2008 FOIA decisions to which no response is required. EB's March 21, 2008 FOIA decisions speak for themselves.

61. Defendant lacks information sufficient to admit or deny the allegations contained in this paragraph.

62. This paragraph does not contain factual allegations, and thus no response is required.

63. Defendant admits that USE and other individuals and/or entities have submitted comments to the Commission regarding the proposed XM-Sirius merger. The

remainder of this paragraph (including footnote 1 attached thereto) contains USE's characterizations of one of those comments to which no response is required. The comment in question speaks for itself.

64. Defendant admits that USE and other individuals and/or entities have submitted comments to the Commission regarding the proposed XM-Sirius merger. The remainder of this paragraph contains USE's characterizations of one of those comments to which no response is required. The comment in question speaks for itself.

65. Defendant denies the allegations contained in this paragraph.

66. This paragraph is vague and unclear, *inter alia*, in its use of the term "provided," and Defendant is therefore unable to respond.

67. This paragraph is vague and unclear, *inter alia*, in its use of the terms "questioned" and "held accountable," and Defendant is therefore unable to respond.

68. This paragraph does not contain factual allegations, and thus no response is required. Defendant lacks sufficient information to form a belief regarding what matters USE may believe are "directly relevant" to the XM-Sirius proposed merger proceeding.

69. This paragraph contains USE's characterizations of Section 309 of the Communications Act to which no response is required. Section 309 speaks for itself.

70. This paragraph does not contain factual allegations, and thus no response is required. Defendant avers that it lacks sufficient information to form a belief regarding what matter USE may believe "implicates the public interest."

71. This paragraph contains USE's characterizations of "the SEC 10-Q filing made by Sirius on November 8, 2006, and the SEC 10-Q filing made by XM on

9

November 9, 2006," to which no response is required.  Those filings, if any, speak for themselves.

72. This paragraph contains USE's characterizations of XM's and Sirius' SEC filings to which no response is required.  XM's and Sirius' SEC filings speak for themselves.

73. This paragraph purports to contain quotations from "Sirius' 10-Q filing on May 12, 2008" to which no response is required.  "Sirius' 10-Q filing on May 12, 2008," if any, speaks for itself.

74. This paragraph purports to contain quotations from XM's "SEC 10Q filing, [made on] May 12, 2008" to which no response is required.  XM's "SEC 10Q filing, [made on] May 12, 2008," if any, speaks for itself.

75. The allegations contained in this paragraph are vague and unclear and therefore defendant is unable to respond thereto.  To the extent that this paragraph contains USE's characterizations of Sirius' public filings, no response is required.  Sirius' public filings speak for themselves.

76. This paragraph purports to contain quotations from Sirius' "10-Q filing of May 12, 2008" to which no response is required.  Sirius' "10-Q filing of May 12, 2008," if any, speaks for itself.

77. This paragraph purports to contain quotations from "XM's 10 Q [filing] for May 12, 2008" to which no response is required.  "XM's 10 Q [filing] for May 12, 2008," if any, speaks for itself.

78. The allegations contained in this paragraph are vague and unclear and therefore defendant is unable to respond thereto.  To the extent that this paragraph

contains USE's characterizations of XM's and Sirius' public filings, no response is required. XM's and Sirius' public filings speak for themselves.

79. This paragraph does not contain factual allegations, and thus no response is required. Defendant lacks information sufficient to form a belief regarding the matters that USE may believe are "relevant and important for the Commission."

80. Defendant denies the allegations contained in this paragraph.

81. This paragraph contains USE's characterizations of its purported "filings with the Commission" to which no response is required. USE's "filings with the Commission," if any, speak for themselves.

82. This paragraph contains USE's characterizations of statements purportedly made by Sirius and unspecified public disclosures that allegedly relate to those statements to which no response is required.

83. This paragraph contains USE's characterizations of the "SEC 8k filing on April 29, 2008" made by Directed Electronics, Inc. to which no response is required. The "SEC 8k filing," if any, speaks for itself.

84. This paragraph contains USE's characterizations of the terms of certain contract amendments allegedly made by Sirius to which no response is required. The terms of those contract amendments, if any, speak for themselves.

85. This paragraph contains USE's characterizations of the terms of certain contract amendments allegedly made by Sirius to which no response is required. The terms of those contract amendments, if any, speak for themselves.

86. Defendant admits that on April 4, 2008, Sirius filed an AFR of EB's March 21, 2008 FOIA decision; that AFR speaks for itself.

11

87. Defendant admits the allegations contained in this paragraph.

88. Defendant admits that on April 4, 2008, certain Sirius employees filed an AFR of EB's March 21, 2008 FOIA decision; that AFR speaks for itself.

89. Defendant admits the allegations contained in this paragraph.

90. Defendant admits that on April 4, 2008, XM and certain XM employees filed an AFR of EB's March 21, 2008 FOIA decision; those AFRs speak for themselves.

91. Defendant admits the allegations contained in this paragraph.

92. Defendant admits that more than twenty business days have elapsed since it received the parties' applications for review of EB's March 21, 2008 FOIA decisions in FOIA Control No. 2008-190, but denies that 5 U.S.C. § 552(a)(6)(A)(ii) applies to the AFRs of parties other than USE.

93. Defendant admits that more than twenty business days have elapsed since it received USE's AFRs of EB's March 21, 2008 decisions in FOIA Control No. 2008-190.

94. Defendant admits that more than twenty business days have elapsed since it received an AFR filed by Ki Ryung in FOIA Control No. 2008-197 on or about April 3, 2008.

95. Defendant denies the allegations contained in this paragraph.

96. Defendant admits the allegations contained in this paragraph.

97. Defendant admits that its EB issued a decision on June 18, 2007 granting in part and denying in part the NAB's FOIA request.

98. Defendant admits that on June 29, 2007, Sirius filed an AFR of EB's June 18, 2007 FOIA decision, and that the AFR remains pending.

99. Defendant admits that on July 2, 2007, XM filed an AFR of EB's June 18, 2007 FOIA decision, and that the AFR remains pending.

100. Defendant admits that on July 2, 2007, Four XM Employees filed an AFR of EB's June 18, 2007 FOIA decision, and that the AFR remains pending.

101. Defendant admits that on or about July 2, 2007, Three Unnamed Employees of XM filed an AFR of EB's June 18, 2007 FOIA decision, and that the AFR remains pending.

102. Defendant admits that the AFRs of the parties who filed AFRs of EB's June 18, 2007 FOIA decision in FOIA Control No. 2007-235 remain pending.

103. This paragraph contains USE's characterizations of the NAB's and USE's FOIA requests to which no response is required. The NAB's and USE's FOIA requests speak for themselves.

104. This paragraph contains USE's characterizations of the NAB's and USE's FOIA requests to which no response is required. The NAB's and USE's FOIA requests speak for themselves.

105. This paragraph contains USE's characterizations of the NAB's and USE's FOIA requests to which no response is required. The NAB's and USE's FOIA requests speak for themselves.

106. This paragraph contains USE's characterizations of its FOIA request to which no response is required. USE's FOIA request speaks for itself.

107. The allegations contained in this paragraph are vague and unclear and therefore defendant is unable to admit or deny them.

108.    This paragraph does not contain factual allegations, and thus no response is required.  Defendant lacks information sufficient to form a belief regarding the matters that USE may believe "implicate the public interest."

109.    Defendant denies the allegations contained in this paragraph.

110.    Defendant lacks information sufficient to form a belief regarding USE's opinion that information "reported" by an unspecified source renders disclosure of the records sought by its FOIA request to be "extremely time sensitive."

111.    Defendant admits that counsel for USE (Charles H. Helein) sent a letter dated May 5, 2008 to Laurence Schecker in the FCC's Office of General Counsel; that letter speaks for itself.  Defendant lacks information sufficient to form a belief regarding why counsel for USE sent the May 5, 2008 letter to the FCC.

112.    Defendant admits that USE's counsel sent an e-mail dated May 9, 2008 to Mr. Schecker in the FCC's Office of General Counsel; that e-mail speaks for itself.

113.    Defendant admits that Mr. Schecker did not respond to the May 5, 2008 letter or the May 9, 2008 e-mail from Mr. Helein.

114.    Defendant denies the allegations contained in this paragraph.

115.    Defendant admits that more than twenty business days have elapsed since it received USE's AFR of EB's March 21, 2008 decisions in FOIA Control No. 2008-190.  The remainder of this paragraph contains USE's characterizations of 5 U.S.C. § 552(a)(6)(A)(ii) to which no response is required.  The statute speaks for itself.

116.    Defendant admits the allegations contained in this paragraph.

117.    This paragraph contains conclusions of law to which no response is required.  However, Defendant admits that more than twenty business days have elapsed

since it received USE's AFR of EB's March 21, 2008 decisions in FOIA Control No. 2008-190.

      118.    Defendant denies the allegations contained in this paragraph.

      119.    Defendant denies the allegations contained in this paragraph.

      120.    Defendant denies the allegations contained in this paragraph.

      121.    Defendant denies the allegations contained in this paragraph, except admits that more than twenty business days have elapsed since it received USE's AFR of EB's March 21, 2008 decisions in FOIA Control No. 2008-190.

      122.    This paragraph contains conclusions of law and USE's characterizations of 5 U.S.C. § 552(a)(6)(C)(i) to which no response is required.  The statute referenced in this paragraph speaks for itself.

      123.    Defendant admits that more than twenty business days have elapsed since it received USE's AFR of EB's March 21, 2008 decisions in FOIA Control No. 2008-190.  The remainder of this paragraph contains conclusions of law to which no response is required.

      124.    This paragraph contains conclusions of law to which no response is required.  However, Defendant admits that more than twenty business days have elapsed since it received USE's AFR of EB's March 21, 2008 decisions in FOIA Control No. 2008-190.

      125.    The allegations contained in this paragraph are vague and unclear; to the extent that this paragraph is intended to refer to USE's AFR, Defendant admits that USE has constructively exhausted its administrative remedies before the FCC.

126. This paragraph contains USE's characterization of its Complaint to which no response is required. To the extent that a response is deemed required, Defendant's responses to the allegations in USE's Complaint as set forth herein speak for themselves.

127. Defendant adopts and incorporates by reference its responses to paragraphs 1-126 above.

128. Defendant denies the allegations contained in this paragraph.

129. Defendant admits that more than twenty business days have elapsed since it received USE's AFR of EB's March 21, 2008 decisions in FOIA Control No. 2008-190, but denies that it has wrongfully withheld records that are the subject of that FOIA request.

130. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph constitutes a prayer for relief and/or a response is deemed necessary, Defendant denies that USE is entitled to any relief.

The remaining paragraphs, commencing with "WHEREFORE," are USE's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that USE is entitled to any relief. Defendant specifically denies each and every allegation of the Complaint that it is not specifically and expressly admitted herein, and further denies that USE is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and that the Court grant Defendant such other and further relief as it may deem just and proper.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

Of Counsel:

Michael A. Krasnow
Office of General Counsel
Federal Communications Commission